## DANIEL HAMER, Appellant, v. L. B. ADAMS et al., Respondents.

ELECTIONS—REGISTRATION—REGISTRATION AGENT—RIGHT OF APPOINTMENT—COMPUTATION OF VOTE.

1. Under Revised Statutes 1898, section 795, providing that appointment of registrar of election shall be based on the votes for representative to Congress at the election next preceding such appointment, a special election for Congress held in April was the next preceding congressional election under such section.

2. In determining appointment of registrar of election under Revised Statutes 1898, section 795, the vote cast for each political party should be separately returned, and the highest vote for any one political party for member of Congress should be basis for appointment of a registrar, without counting the vote cast by any other party for the same candidate on any ticket.

Decided September 29, 1900.

Appeal from District Court, Weber County.—*Hon. H. H. Rolapp,* Judge.

Action by Daniel Hamer against L. B. Adams and others. From a judgment in favor of defendants, plaintiff appeals.

AFFIRMED.

*Messrs. T. D. Johnson* and *A. G. Horn* for plaintiff.

*Messrs. Geo. Halverson* and *J. D. Murphy* for defendants.

Hamer v. Adams.

PER CURIAM.—After a consideration of the facts presented by the appeal in this case, the court finds that the special election for congress called and held in April, 1900, was the election contemplated by section 795, Revised Statutes 1898, which forms the basis for the appointment of registrars of election. The vote cast for each political party should be separately tabulated and returned, and the highest vote polled for any one of the political parties on the nomination made for such party for Congress should be the basis for the appointment of registrars of election at the next succeeding election, without counting the vote cast by any other party for the same candidate on another ticket. The vote cast on the Populist ticket for Mr. King, the candidate on the Democratic ticket, could not properly be counted as cast for the Democratic candidate, as a basis of appointing registrars. But the respective votes cast for the several candidates on the Democratic and Populists tickets are not shown in proof, and hence the court has no data, except upon the pleading, from which to determine what the respective vote was on such party tickets for representative to congress.

We find no reversible error in the record. The judgment of the district court is affirmed, without costs to either party.